UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DARRELL GOSTON,

                  Petitioner,

        v.                                              9:08-CV-0462
                                                                      (NAM/GHL)

ROBERT K. WOODS,

                  Respondent.

APPEARANCES

DARRELL GOSTON
01-B-0166
Petitioner *pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

GEORGE H. LOWE, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

      In his *habeas* petition filed on April 30, 2008, Petitioner alleges that prison officials cited him in two separate misbehavior reports stemming from a single incident. (Dkt. No. 1 at 2.) As a result of the first misbehavior report, Petitioner was sentenced to 30 days of cell confinement and a 30-day loss of package, commissary, and phone privileges. (Dkt. No. 1 at 3.) As a result of the second misbehavior report, Petitioner was sentenced to 12 months in the Special Housing Unit ("SHU") and a 12-month loss of package, commissary, and phone privileges. *Id.*

      Petitioner argues that the second misbehavior report and disciplinary hearing violated the Fifth and Fourteenth Amendments to the United States Constitution under "the Doctrine of Collateral Estoppel or Issue Preclusion." (Dkt. No. 1 at 4.) He further argues that the sentence he received as a result of the second misbehavior report constitutes cruel and unusual punishment in violation of the

Eighth Amendment to the United States Constitution.  (Dkt. No. 1 at 4-5.)  Petitioner requests an order releasing him from SHU and directing payment of $1,000 per day for each day Petitioner has spent in SHU.  (Dkt. No. 1 at 5; Dkt. No. 2.)

Petitioner has filed another action in this District, styled as a complaint under 42 U.S.C. § 1983, alleging the same conduct described in the Petition and requesting substantially similar relief.  *Goston v. Potter*, No. 9:08-CV-0478 (FJS/GJD).

On May 19, 2008, the undersigned issued an Order to Show Cause directing Petitioner to file a response within 30 days either (1) demonstrating why he should be allowed to maintain this action as a petition for writ of *habeas corpus* rather than as an action under 42 U.S.C. § 1983*,* for instance by filing an amended petition that does not seek monetary damages and showing that he has exhausted his state court remedies; or (2) explaining how this action differs from the complaint filed in *Goston v. Potter*, No. 9:08-CV-0478 (FJS/GJD).  (Dkt. No. 4.)  The undersigned cautioned Petitioner that if he did not file a response to the Order to Show Cause within 30 days, the undersigned would issue a Report and Recommendation recommending that this action be dismissed.  *Id.*

More than thirty days have passed and Petitioner has not responded to the Order to Show Cause.  **WHEREFORE**, it is hereby

**RECOMMENDED**, that the Petition for Writ of *Habeas Corpus* (Dkt. No. 1) be dismissed, for the reasons set forth in the May 19, 2008, Order to Show Cause (Dkt. No. 4); and it is further

**RECOMMENDED**, that Petitioner's motion for preliminary injunction/restraining order (Dkt. No. 2) be **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Petitioner.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 25, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge